## WARREN vs. PURTELL.

1. When a case has been called and tried in its order, a new trial will not be granted to the losing party on the ground that his counsel, who was voluntarily absent without leave, believed the case would not be reached, or if reached would not be tried until much later in the term, his belief not having been warranted by any direct announcement by the court or any consent or agreement of the opposite party or his counsel, and being but an inference apparently well-founded on circumstances, but, as the event proved, not well-founded in fact.

2 Where a claim case is tried in the superior court on appeal from a justice's court, and the plaintiff makes a *prima facie* case by his evidence, and there is no appearance for the claimant, a verdict for the plaintiff is not contrary to law. It is not the right of the court, much less its duty, on its own motion, to dismiss the claim.

3. The attachment being levied by a proper officer, any mistake in directing it is amendable, and therefore neither the process nor the levy is void for the misdirection.

New trial. Practice in the Superior Court. Claim. Attachment. Amendment. Before Judge HILLYER. Fulton Superior Court. October Term, 1878.

Purtell sued out an attachment returnable to the justice court of the 1026th district, G. M., against Warren, which was levied by a constable on certain personalty, to which a claim was interposed by Mrs. Warren. The attachment was directed "To all and singular the sheriffs and bailiffs of the state." The property was found subject by the justice, and an appeal entered to the superior court. On the trial in the latter tribunal, the only evidence introduced was that of a special constable who accompanied the levying officer    He testified that the articles levied on were found at Warren's house and in his possession; that claimant was told that he and the officer came to make a levy on Warren's property, and she was requested to furnish a schedule or inventory for that purpose. In compliance with this request, she pointed out the property levied on.

The jury found the property subject, and claimant moved for a new trial on the following grounds:

1. Because of the following facts: the case was on the black-board for trial (taken from the trial calendar) whilst the criminal docket was being called, and the court had been occupied with criminal business on the day the verdict was rendered, and no notice had been given during the morning hour, on the call of the civil docket, that the cases on the trial calendar would be taken up on that day. Thus neither counsel for plaintiff in *fi. fa.* nor for claimant knew that the case would be taken up for trial. It was for this reason disposed of in the absence of counsel for claimant.

2. Because the verdict was contrary to law, evidence, and the principles of justice and equity.

There was another ground in the motion based on a supposed understanding with counsel for plaintiff in *fi. fa.*, that the case should not be tried until the return of certain interrogatories recently sued out by the latter. This understanding was positively denied by such counsel.

The court qualified the facts stated in the motion substantially as follows:

The court gave notice at the morning hour, several days before the trial, that cases on the board would be in order so soon as criminal business was ended, and had notice of the same published. Claimant's counsel had no leave of absence at said morning hour or at the trial. There was no motion to take the case off the board pursuant to alleged agreement with Mr. Angier (counsel for plaintiff in *fi. fa.*), as to which the affidavits conflict. The case went to the board in due course, according to law and the practice of the court, and was tried in its order.

The motion was overruled, and claimant excepted.

JOHN A. WIMPY, for plaintiff in error, cited Code, §§1952, 3273; 15 *Ga.*, 267; 18 *Ib.*, 283.

E. A. ANGIER, for defendant, cited 61 *Ga.*, 420; 59 *Ib.*, 774.

BLECKLEY, Justice.

1. The claimant's counsel no doubt reasoned well. The circumstances indicated that the case would not be reached, or if reached, that it would not be tried so early in the term. But the presence or absence of parties and counsel when their cases are called in their order for trial, cannot be left to sound reasoning. Probability cannot be made the measure of progress in the dispatch of business. As we all know, sometimes there is a drag and sometimes a run; and those having business to attend to in court must bear in mind that a wide variation from the average rate of progress may occur. Indeed, it is always probable that something improbable will happen.

2. For want of a *prima facie* case, the court may dismiss the levy; but when such a case has been made by the plaintiff in *fi. fa.*, he is entitled to a verdict unless it is overcome by claimant or the claim is withdrawn. We do not think it is the right of the court, much less its duty, to dismiss the claim merely because it is unsupported by any evidence.

3. The attachment should have been directed to all and singular the constables of this state. Code, §3273. But the direction was amendable, *Id.*, §3316; and the levy was by a constable, and therefore a proper officer. Neither the writ nor the levy was void, the misdirection being curable.

Judgment affirmed.