PD-0725-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/15/2015 3:06:30 PM
Accepted 7/17/2015 1:53:37 PM
ABEL ACOSTA
CLERK

IN THE
COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| JOSE L. ALDANA, | § | |
| *APPELLANT* | § | |
| | § | |
| V. | § | No. PD-0725-15 |
| | § | |
| THE STATE OF TEXAS, | § | |
| *APPELLEE* | § | |

*STATE'S PETITION FOR DISCRETIONARY REVIEW OF THE DECISION OF THE COURT OF APPEALS FOR THE EIGHTH COURT OF APPEALS DISTRICT OF TEXAS IN CAUSE NUMBER 08-13-00243-CR, MODIFYING THE JUDGMENT OF THE TRIAL COURT IN CAUSE NUMBER 1333327R IN THE 396TH JUDICIAL DISTRICT COURT OF TARRANT COUNTY, TEXAS; THE HONORABLE GEORGE GALLAGHER, PRESIDING.*

§ § §
STATE'S PETITION FOR REVIEW
§ § §

FILED IN
COURT OF CRIMINAL APPEALS

July 17, 2015

ABEL ACOSTA, CLERK

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR, Assistant
Criminal District Attorney,
Chief, Post-Conviction

JAMES GIBSON, Assistant
Criminal District Attorney
State Bar No. 00787533
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, Texas 76196-0201
(817) 884-1687
FAX (817) 884-1672
CCAAppellateAlerts@TarrantCountytx.gov

IDENTITY OF THE PARTIES AND COUNSEL

The trial judge was Hon. George Gallagher, presiding judge of the 396th Judicial District Court of Tarrant County, Texas.

The State of Texas, represented by Sharen Wilson, Tarrant County Criminal District Attorney, is a party to this litigation. At trial, the State was represented by William Vassar and Heather Davenport, Assistant Criminal District Attorneys. On appeal, the State is represented by James Gibson, Assistant Criminal District Attorney, and Debra Windsor, Assistant Criminal District Attorney. The address of these attorneys is Office of the Criminal District Attorney of Tarrant County, 401 W. Belknap, Fort Worth, Texas 76196-0201.

Appellant, Defendant below, is Jose Aldana. Appellant was represented at trial by Hon. Al Lazarus, 115 W. Second St., Suite 202, Fort Worth, Texas 76102, and on appeal by Hon. Leigh Davis, 1901 Central Dr., Suite 708 LB 57, Bedford, Texas 76021.

# SUBJECT INDEX

IDENTITY OF THE JUDGE, PARTIES, AND COUNSEL..................................... ii

SUBJECT INDEX ............................................................................................... iii

INDEX OF AUTHORITIES................................................................................. v

STATEMENT REGARDING ORAL ARGUMENT ..............................................1

STATEMENT OF THE CASE................................................................................2

PROCEDURAL HISTORY AND COURT OF APPEALS' OPINION...................3

QUESTIONS FOR REVIEW ................................................................................4

FIRST QUESTION FOR REVIEW

Should a defendant be required to object in the trial court that concurrent fines notated on three judgments are improper and should be deleted from two of them?

SECOND QUESTION FOR REVIEW

Is reformation of the judgments to delete fines an appropriate remedy when the judgments, on their face, contain no errors, the fines are properly notated, and the written judgments do not differ from the trial court's oral pronouncement of sentence?

THIRD QUESTION FOR REVIEW

Did the Court of Appeals' opinion amount to an improper "backdoor" assessment of a civil law matter for which it had no jurisdiction?

iii

STATEMENT OF FACTS ...............................................................................5

DISCUSSION ...............................................................................................6

    I.    The Court of Appeals' opinion.........................................................6

    II.   Appellant should have objected to the fines ..................................7

    III.  There was no "error" in the judgment – so there was nothing
         to "reform." .....................................................................................9

CONCLUSION ...........................................................................................12

PRAYER .....................................................................................................13

CERTIFICATE OF COMPLIANCE...........................................................14

CERTIFICATE OF SERVICE ...................................................................14

COURT OF CRIMINAL APPEALS' OPINION.....................................APPENDIX

## INDEX OF AUTHORITIES

**CASES**                                                                                 **PAGE(S)**

*Aldana v. State*,
No. 08-13-00243-CR, 2015 WL 2344023
(Tex. App.—El Paso May 14, 2015) ......................................................3, 6, 7, 10

*Bigley v. State*,
865 S.W.2d 26 (Tex.Crim.App.1993) .................................................................9

*Fullbright v. State*,
818 S.W.2d 808 (Tex. Crim. App. 1991) ............................................................7

*Habib v. State*,
431 S.W.3d 737 (Tex. App.—Amarillo 2014, pet. ref'd) .........................11, 11n

*Harrell v. State*,
286 S.W.3d 315 (Tex. 2009) ............................................................................12

*In re Johnson v. Tenth Judicial District Court of Appeals*,
280 S.W.3d 866 (Tex. Crim. App. 2008) ..........................................................12

*Latson v. State*,
440 S.W.3d 119 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ..............8, 12

*State v. Crook*,
248 S.W.3d 172 (Tex. Crim. App. 2008) (plurality op.)..................................6, 9

*Warren v. Purtell*,
63 Ga. 428 (1879) .............................................................................................10

*Wiedenfeld v. State*,
450 S.W.3d 905 (Tex. App.—San Antonio 2014, no pet.) .........................10, 11

STATUTES

TEX. GOV'T CODE § 501.014(e) ...............................................................9

TEX. R. APP. P. 33.1 ...............................................................................7

TEX. R. APP. P. 43.2(b)...........................................................................9

TEX. R. APP. P. 47.1 ...............................................................................7

IN THE
COURT OF CRIMINAL APPEALS

JOSE L. ALDANA,             §
    *APPELLANT*      §
                     §
V.                   §         No. PD-0725-15
                     §
THE STATE OF TEXAS,    §
    *APPELLEE*       §

*STATE'S PETITION FOR DISCRETIONARY REVIEW OF THE DECISION OF THE COURT OF APPEALS FOR THE EIGHTH COURT OF APPEALS DISTRICT OF TEXAS IN CAUSE NUMBER 08-13-00243-CR, MODIFYING THE JUDGMENT OF THE TRIAL COURT IN CAUSE NUMBER 1333327R IN THE 396TH JUDICIAL DISTRICT COURT OF TARRANT COUNTY, TEXAS; THE HONORABLE GEORGE GALLAGHER, PRESIDING.*

STATEMENT REGARDING ORAL ARGUMENT

Because the State's arguments involve both legal issues which are unsettled and the interplay between criminal law and civil matters, oral argument would be helpful in elucidating the State's views.

1

## STATEMENT OF THE CASE

Appellant was indicted for (1) aggravated sexual assault of a child (digital penetration); (2) aggravated sexual assault of a child (mouth-to-genital contact); (3) indecency with a child (touching victim's sexual organ); (4) indecency with a child (breast touching); and (5) indecency with a child (causing victim to touch Appellant's genitals). CR 6.

The jury acquitted Appellant of the two aggravated sexual assault counts, but convicted him of all three indecency counts. RR VI – 4. The jury also assessed punishment – sixteen years and a $3,000 fine for each count. RR VIII – 4. The trial court ordered these sentences to run concurrently. *Id*.

PROCEDURAL HISTORY AND COURT OF APPEALS' OPINION

On appeal, Appellant complained that the fines for all three offenses were "duplicative" and that two of them should be deleted, that the court costs attached to the third count were insufficiently clear and should be deleted, and that the trial court's requirement that court costs be paid as a condition of parole should be deleted. *See* App. brief at 2-3 (summary of claims).

A panel of the El Paso Court of Appeals agreed with Appellant on his first and third claims and reformed the judgments to delete two of the fines and any language requiring that court costs be paid as a condition of parole. *See Aldana v. State*, No. 08-13-00243-CR, 2015 WL 2344023 at *2 (Tex. App.—El Paso May 14, 2015).

## QUESTIONS FOR REVIEW

(1)     Should a defendant be required to object in the trial court that concurrent fines notated on three judgments are improper and should be deleted from two of them?

(2)     Is reformation of the judgments to delete fines an appropriate remedy when the judgments, on their face, contain no errors, the fines are properly notated, and the written judgments do not differ from the trial court's oral pronouncement of sentence?

(3)     Did the Court of Appeals' opinion amount to an improper "backdoor" assessment of a civil law matter for which it had no jurisdiction?

## STATEMENT OF FACTS

Appellant was indicted for committing five counts of various forms of sexual abuse against the nine-year-old granddaughter of his wife. CR 6; RR IV – 20-21. The jury acquitted him of two aggravated sexual assault counts, but convicted him of three counts of indecency with a child. RR IV - 6. The jury's verdict at punishment was sixteen years in prison and a $3,000 fine for each count. RR VIII – 4. The trial court ordered the sentences to be served concurrently. RR VIII - 5.

As the State's petition for review concerns only the court of appeals' decision to delete fines from two of the judgments, a further recitation of the facts is unnecessary.

## DISCUSSION

This is a case about remedies. Or, to be more precise, how can a court of appeals fashion a "remedy" to fix a non-erroneous judgment? In the State's view, the El Paso Court of Appeals, overly protective of a defendant who *might* experience administrative problems in the future, went out of its way to correct judgments which, on their face, were in perfect order.

### I.    *The Court of Appeals' opinion.*

The El Paso Court correctly noted that Appellant received three judgments of conviction, each assessing Appellant a fine of $3,000, and each judgment indicated that Appellant's sentences would run concurrently. *Aldana*, 2015 WL 2344023 at *1; CR 174, 179, 184. The opinion goes on to clarify that "[f]ines which are part of concurrent sentences should also 'run' concurrently." *Aldana*, 2015 WL 2344023 at *1 (*citing State v. Crook*, 248 S.W.3d 172, 174 (Tex. Crim. App. 2008) (plurality op.)).

These facially appropriate judgments were not, however, enough for the court of appeals. Opining that "the clerks and functionaries with the Texas Department of Corrections [*sic*]" might not understand the concept of concurrent fines, the El Paso Court deleted the fines from two of the judgments. *Id*. at *2.

6

With regard to Appellant's complaint that the withdrawal orders should also be deleted, and with regard to the State's response that the court of appeals was without jurisdiction to consider what was essentially a civil matter, the court of appeals asserted that this issue was mooted by the deletion of the fines from the judgments. *Id*.

II.     *Appellant should have objected to the fines*

In its reply brief to the court of appeals, the State argued that Appellant should have objected if he felt that he would be unduly penalized by judgments which accurately reflected the jury's verdicts (*i.e.*, three judgments each containing a $3,000 fine). *See* State's brief at 6 (*citing* Tex. R. App. P. 33.1).

The court of appeals' opinion mentions this argument, but does not address it. *See Aldana*, 2015 WL 2344023 at *1. It should have. *See* Tex. R. App. P. 47.1 (opinion should address "every issue raised and necessary to final disposition of the appeal"). At the very least, this case should be remanded to the court of appeals to consider the State's preservation argument.

In any event, Appellant's failure to object should result in a forfeiture of his claim. First, he does not contend that the sentence was void or illegal. *See, e.g., Fullbright v. State*, 818 S.W.2d 808, 809 (Tex. Crim. App. 1991) (defect that

7

renders sentence void may be raised at any time). At worst, Appellant appears to make the peculiar claim that his sentence will merely be *misinterpreted* by prison authorities. *See* App. brief at 7 ("Thus, [Appellant] is obligated to pay all three of these fines, and payment for them will be extracted from his TDCJ trust account and remitted to the Tarrant County District Clerk.").

Second, this is not a case where Appellant was unable to object – for example, if a later-generated paper judgment did not accurately reflect what occurred in court, it might have been too late to object. In this case, after reading the jury verdicts (each of which levied a fine of $3,000), the trial judge sentenced Appellant: "the jury having found you guilty and returned the verdict of 16 years and a $3,000 fine in each count…." RR VIII – 8. Appellant should have been under a clear impression that a written judgment (or, in this case, judgments) would specifically delineate a $3,000 fine for each conviction. Had Appellant felt an impending ambiguity that he now claims is obvious, he should have objected at the time. *See Latson v. State*, 440 S.W.3d 119, 123 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (defendant required to complain in trial court about possible improper withdrawals from his inmate trust fund to satisfy court costs).

Because Appellant did not object, the court of appeals should have held that he forfeited his claim.

8

III.     *There was no "error" in the judgment – so there was nothing to "reform."*

It is axiomatic that, before an erroneous judgment may be reformed by an appellate court, there must be some "error." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex.Crim.App.1993) (acknowledging an appellate court's ability to reform a judgment resulting from clerical or substantive errors). Here, the jury clearly assessed a $3,000 fine for each count of the indictment. CR 168, 169, 170. The trial court's oral pronouncement of sentence reflected that and additionally clarified that Appellant's sentences would run concurrently. RR VIII – 8; *see Crook*, 248 S.W.3d at 174. The written judgments memorialized these concurrent sentences. CR 173, 179, 184. Included with the judgments are orders to the Texas Department of Criminal Justice to withdraw funds from Appellant's inmate trust account. CR 177, 182, 187. *See* TEX. GOV'T CODE § 501.014(e) (mechanism for withdrawing funds from inmate trust account). All three withdrawal orders reflect a fine of $3,000. *Id.* One of them includes court costs. CR 177.

Given that the written judgments agreed with the oral pronouncement of sentence, there was simply no error to correct. However, in a fit of semi-nunc pro tunc jiu jitsu, the El Paso Court has speculatively employed a kind of all-purpose

9

Murphy's Law – an assumption that mere functionaries in the prison system are unable to understand the law and will charge Appellant $9,000 instead of the $3,000 he actually owes. *Aldana*, 2015 WL 2344023 at *2. In fact, the court of appeals doesn't even seem particularly convinced that this assumption is true, only that it might be "probable." *See id.* (*quoting Warren v. Purtell*, 63 Ga. 428, 430 (1879) ("it is always probable that something improbable will happen")).

This is thin gruel indeed on which to base a decision that these judgments need fixing. There is no reason to presume incompetence on the part of the Institutional Division of the Department of Criminal Justice, and there is no reason to think that the concept of a "concurrent fine" is beyond the ken of those who work in the Classification and Records Department. As the State pointed out below, it would be unwarranted to presume that the Division would confine Appellant for forty-eight years just because each of his separate (but concurrent) judgments indicated a sentence of sixteen years. State's brief at 5.

There are, obviously, similar situations in which reformation might be appropriate. For example, in *Wiedenfeld v. State*, 450 S.W.3d 905 (Tex. App.—San Antonio 2014, no pet.), the trial court orally pronounced concurrent fines of $1,000 on two counts. *Id.* at 906. Despite this, however, the subsequent judgment put the defendant on the hook for $2,000. *Id.* The court of appeals understandably

reformed the judgment to reflect a fine of $1,000.[1] *Id.* at 907. This is obviously distinguishable from Appellant's situation. In Appellant's case, the trial court's oral pronouncement does not deviate in any way from the written judgments.

More troubling, perhaps, is the Amarillo Court of Appeals' opinion in *Habib v. State*, 431 S.W.3d 737 (Tex. App.—Amarillo 2014, pet. ref'd). The two written judgments in that case accurately reflected that two $5,000 fines would run concurrently. *Id.* at 742. However, because there was a $5,000 fine included in *both* bills of costs, the court of appeals determined that the fines were effectively cumulated. *Id.* Thus, the court deleted the $5,000 fine from one of the judgments. *Id.* Although the Amarillo court did not engage in any real analysis of the issue[2], it seemed to be of the same mind as the El Paso court – that multiple bills of costs (or, perhaps, withdrawal orders) would be too confusing for prison officials and would induce them to ignore the law of concurrent fines. But that is no reason for a court of appeals to delete fines from an otherwise healthy *judgment of conviction*.

As far as the withdrawal orders are concerned, the State adheres to its earlier argument that Appellant's worries about the withdrawal orders have nothing to do with the appeal of his conviction. See State's brief at 5-6. As the Texas Supreme Court has pointed out, "a withdrawal order does seize payment for costs previously

---

[1] Unlike in Appellant's case, both counts in Wiedenfeld's situation were apparently both subsumed into one judgment.

[2] This was probably because the State conceded the point of error in full. *See Habib*, 431 S.W.3d at 742.

11

taxed in a criminal case, but the criminal case is over." *Harrell v. State*, 286 S.W.3d 315, 318 (Tex. 2009). *See also id.* ("Harrell is not contesting the convicting court's authority to *assess* costs but its authority to *collect* costs.") (emphasis in original); *In re Johnson v. Tenth Judicial District Court of Appeals*, 280 S.W.3d 866, 873 (Tex. Crim. App. 2008) (an inmate trust account withdrawal order is not appealable as a criminal law matter). Indeed, it appears that because the El Paso Court was precluded by *Harrell* and *Johnson* from adjudicating the withdrawal order, it simply used its reformation of the judgment to, in its words, "moot[ ]" that order. Further, as no withdrawal has been made, Appellant should have nothing to complain about. *See Latson*, 440 S.W.3d at 123 (defendant's complaints about costs are meritless where "the record contains no evidence that funds have been withdrawn from [defendant's] inmate trust fund").

## CONCLUSION

A jury convicted Appellant of three separate indecency-with-a-child offenses. That same jury then determined that *each count* deserved a fine of $3,000 (along with three prison sentences of sixteen years). The trial court ordered that these sentences (including, necessarily, the fines) run concurrently. However, the El Paso Court of Appeals has chosen to judicially abrogate the jury's decision and

delete the fines from two of the judgments, based on its unsupported assumption that officials in the prison system will misunderstand the law and take three times from Appellant what he owes.

The El Paso Court's opinion is a remedy in search of a problem, and this Court should correct it.

PRAYER

The State prays that its petition be granted and that the Court of Appeals' judgment deleting fines from two of the trial court's judgments be reversed.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR, Assistant
Criminal District Attorney,
Chief, Post-Conviction

/s/ James Gibson
JAMES GIBSON, Assistant
Criminal District Attorney
State Bar No. 00787533
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, Texas 76196-0201
(817) 884-1687
FAX (817) 884-1672
CCAappellatealerts@tarrantcountytx.gov

13

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 1,808 words.

/s/ James Gibson
JAMES GIBSON

## CERTIFICATE OF SERVICE

A copy of the State's petition for discretionary review has been e-served to opposing counsel, the Hon. Leigh Davis, leaghwdavis@gmail.com, 1901 Central Dr., Ste. 708, Bedford, Texas 76021 and to the Hon. Lisa McMinn, State's Prosecuting Attorney's Office, information@spa.texas.gov, P. O. Box 13046, Austin, Texas 78711, on July 15, 2015.

/s/ James Gibson
JAMES GIBSON

APPENDIX


COURT OF APPEALS' OPINION

2015 WL 2344023
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR
DESIGNATION AND SIGNING OF OPINIONS.

(DO NOT PUBLISH)
Court of Appeals of Texas,
El Paso.

Jose L. Aldana, Appellant,
v.
The State of Texas, Appellee.

No. 08–13–00243–CR    |    May 14, 2015

Appeal from 396th District Court of Tarrant County, Texas
(TC # 1333327R)

Before McClure, C.J., Rodriguez, and Hughes, JJ.

*OPINION*

ANN CRAWFORD McCLURE, Chief Justice

**\*1**  This appeal arises out of Appellant's conviction on three counts of indecency with a child. Because his only issues for review pertain to the monetary fine which was assessed, and the Bill of Costs, we limit our discussion of the facts to those discrete issues.

### FACTUAL SUMMARY

Appellant was charged with two counts of aggravated sexual assault of a child (Counts One and Two of the indictment) and three counts of indecency with a child (Counts Three, Four, and Five). He was acquitted on the two aggravated sexual assault counts, but convicted on all three indecency counts (Counts Three, Four, and Five). The jury assessed a sixteen-year sentence and a $3,000 fine on each of the indecency counts. The judgments of conviction for Counts Three, Four, and Five require the sentences to run concurrently. The judgment for Count Three assesses a $3,000 fine and taxes an itemized Bill of Costs totaling $654, making the total amount due $3,654. An order to withdraw funds, which is expressly incorporated into the judgment, directs the Texas Department of Criminal Justice to withdraw on a percentage formula

basis, $3,654 from Appellant's account until the total sum is paid. The judgments for Counts Four and Five also assess the $3,000 fine, but do not assess any court costs. The judgments of conviction for Counts Four and Five also include an order to withdraw funds for the respective $3,000 fines attributed to each count.

Appellant brings three issues for review. In Issue One, he contends that we should reform two of the judgments to delete the $3,000 fine because when the jail sentences run concurrently, the fines must also run concurrently. In Issue Two, Appellant complains that the Bill of Costs is defective. Finally, in Issue Three, he argues that the Bill of Costs should be reformed to delete the requirement that court costs must be paid as a condition of parole.

### DUPLICATIVE FINES

Fines which are part of concurrent sentences should also "run" concurrently. *State v. Crook,* 248 S.W.3d 172, 174 (Tex.Crim.App.2008). The holding in *Crook* is based on Tex. Penal Code Ann. § 3.03(a)(West Supp.2014), which in relevant part provides that "sentences shall run concurrently" when "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action." *Id.* The sentences for certain crimes, such as Appellant was convicted of here, can run either concurrently or consecutively. *Id.* at § 3.03(b)(2). The trial judge here ordered the sentence to run concurrently, and we accept the State's concession that the fines should similarly run concurrently, in the sense that if Appellant pays one fine, he pays them all.

The State suggests that there is no proof that the Texas Department of Corrections will treat the three fines cumulatively, no more so than it would treat his sentence cumulatively. It further responds that we should not modify the order to withdraw funds because it is a civil matter. Finally, the State alleges that any ambiguity in the judgments of conviction should have been raised in the trial court.

**\*2**  There is perhaps some ambiguity in the judgments with regard to the fines. The court costs are included in only one judgment, but the fines appear in all three, even though both the fines and court costs are intended to be treated the same (i.e. taxed concurrently). And as the Texas Court of Criminal Court of Appeals alluded to in *Crook,* it is natural to say that a sentence runs concurrently, because of the

temporal element of a prison sentence. *Id.* at 175. But paying a fine concurrently is perhaps not as intuitive a concept. In an ideal world, the clerks and functionaries with the Texas Department of Corrections would understand the import of *State v. Crook.* But as a jurist once noted, "it is always probable that something improbable will happen." *Warren v. Purtell,* 63 Ga. 428, 430 (1879). Accordingly, we reform the judgments of conviction for Counts Four and Five to delete the $3,000 fine reflected in each. Tex.R.App.P. 43.2(b)("The court of appeals may: ... (b) modify the trial court's judgment and affirm it as modified"). The $3,000 fine for Count Three remains in place, and Appellant asserts no other ground to with regard to that Count.

We generally agree with the State that orders to withdraw funds are essentially civil matters falling outside the scope of our jurisdiction in a criminal appeal. *See Lewis v. State,* No. 05–12–00844–CR, 2014 WL 31690 at *7 (Tex.App.-Dallas Jan. 6 2014, pet. ref'd)(mem. op. not designated for publication)("The withdrawal order is not a criminal matter; it stems from a civil proceeding that is separate and independent from the judgment that assessed appellant's conviction and sentence."), *citing Harrell v. State,* 286 S.W.3d 315, 317–19 (Tex.2009) and *In re Johnson,* 280 S.W.3d 866, 873–74 (Tex.Crim.App.2008). The order to withdraw funds in Counts Four and Five, however, are expressly incorporated into the judgments of conviction and became part of it. Having reformed the judgments of convictions in Four and Five to delete the $3,000 fine, the orders to withdraw funds are necessarily mooted.

### CHALLENGE TO THE BILL OF COST

"A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." Tex.Code Crim. Proc. art. 103.001 (West 2006). A cost bill is not essential to tax court costs against a criminal defendant, but it is favored and preferred. *Johnson v. State,* 423 S.W.3d 385 (Tex.Crim.App.2014) (holding there is no requirement for challenging costs with the trial court).

Appellant here claims that the Bill of Costs is defective because the itemized charges are identified only by shorthand

abbreviations which are undecipherable (i.e. "DC Rec Pre & Auto," "PO Commit/Rel," "Jud Support–CRM," "CCC–Felony"). He concedes that the Fort Worth Court of Appeals has heard and rejected this same complaint. [1] *Lawrence v. State,* 420 S.W.3d 329 (Tex.App.—Fort Worth, 2014, pet. refd); *Cranfill v. State,* No. 02–13–00567–CR, 2014 WL 4946979 *1 (Tex.App.—Fort Worth, Oct. 2, 2014, no pet.)(mem. op., not designated for publication)(noting abbreviations in Bill of Cost correlated to statutorily imposed fees and charges). We further reject Appellant's claim that the abbreviations deny him due process for lack of fair notice. As noted in *Johnson v. State,* the mandatory costs are fixed by published statutes which give criminal defendants constructive notice of their provisions. 423 S.W.3d at 389. Accordingly, we overrule Issue Two.

[1]   In this transferred appeal, we are obliged to follow the precedents of the Fort Worth Court of Appeals. *See* TEX.R.APP.P. 41.3.

In Issue Three, Appellant complains that the Bill of Costs erroneously requires that any unpaid portion must be paid as a condition of parole ("Any amounts reflected above that are unpaid at the time of parole shall be paid as a condition of parole"). Setting conditions of parole is a power reserved to the executive branch, rather than the judiciary. *Ceballos v. State,* 246 S.W.3d 369, 373 (Tex.App.—Austin 2008, pet ref'd). The judiciary can only make recommendations regarding conditions of parole. *Id.* The State concedes this error and requests that we reform the Bill of Costs to remove that condition. *See Bray v. State,* 179 S.W.3d 725, 728 (Tex.App.—Fort Worth 2005, no pet.)(noting authority to reform judgment which improperly required payment of attorney's fees as condition of obtaining parol).

**\*3** We therefore modify the judgment of conviction for Counts Four and Five to delete the $3,000 fine in each of those judgments. We grant relief under Issue Three to the extent that we reform the judgment of conviction for Count Three to delete from the Bill of Cost the following statement: "Any amounts reflected above that are unpaid at the time of parole shall be paid as a condition of parole." We affirm the judgments as modified.

**All Citations**

Not Reported in S.W.3d, 2015 WL 2344023

---

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.