

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-12-00834-CR

James **WILMURTH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-0158W
Honorable Philip A. Kazen Jr., Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:      Catherine Stone, Chief Justice
              Sandee Bryan Marion, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  November 13, 2013

AFFIRMED AS REFORMED

Appellant James Wilmurth filed a pro se appeal of a plea-bargained case. Counsel was appointed on the same day to represent Wilmurth. The issue before this court is whether, after diligently searching the record and researching all the applicable law, Wilmurth's appeal is without merit and is frivolous. *Anders v. California*, 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

## BACKGROUND

Appellant James Wilmurth was charged by information with his second offense of assault on a family member. Wilmurth waived indictment and entered a plea of no contest to the allegation that he assaulted his girlfriend by grabbing her by the arm and leaving a bruise. On March 15, 2010, pursuant to a plea bargain, the trial court placed Wilmurth on deferred adjudication community supervision for a period of three years, assessed and probated a $500.00 fine, and ordered Wilmurth to have no harmful or injurious contact with the alleged victim.

On September 30, 2011, the State filed a Motion to Enter Adjudication of Guilt based on Wilmurth's violations of his community supervision, including committing a new offense of theft and by failing to pay his fines and fees assessed by the court. After a hearing, the trial court continued Wilmurth on community supervision, but (1) levied a sanction of 170 days confinement in the Bexar County Jail and (2) increased his court fees to include the subsequent court-appointed attorney's fees.

On November 6, 2012, the State filed a second Motion to Enter Adjudication of Guilt alleging Wilmurth committed new offenses, a violation of condition #1 of the community supervision, including assault on a non-family member, terroristic threats, possession of marijuana, and possession of an open container or consumption of alcohol. Additionally, the State alleged violations of condition #2 of his community supervision including consuming alcohol, using marijuana, and failing to remit probationary fees. At the hearing before the trial court, Wilmurth pled true to the violation of condition #2—consuming alcohol, using marijuana, and failing to remit probationary fees. Based on his plea of true, the trial court found the allegations to be true and entered an adjudication of guilt. The trial court revoked Wilmurth's community supervision and sentenced him to five years confinement in the Institutional Division of the Texas Department

of Criminal Justice. The trial court also assessed a fine in the amount of $500.00 and costs of $1,735.00 plus attorney's fees.

## ANALYSIS

Wilmurth's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In counsel's brief, she states that she has reviewed the entire record and found no reversible error. *See* TEX. R. APP. P. 44.2. The brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). As required, counsel provided Wilmurth with a copy of the brief and counsel's motion to withdraw, and informed Wilmurth of his right to review the record and file his own pro se brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). The record does not reflect Wilmurth filed a pro se brief.

After reviewing the record and counsel's brief, we agree that the record contains no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## ASSESSMENT OF ATTORNEY'S FEES

The record shows that in January of 2010, Wilmurth had a court-appointed attorney. Trial counsel was again appointed on October 19, 2011, in regards to the State's Motion to Adjudicate Guilt. The appointment was "to continue, (unless relieved by the court earlier, after a finding of good cause is entered on the record), until charges are dismissed, the defendant is acquitted, all post-trial motions are resolved, notice of appeal is perfected, or until relieved by the court or replaced by other counsel." Although the record does not reflect that the appointed attorney

withdrew from the case, Wilmurth had new counsel, presumably appointed, on November 29, 2012, when the trial court adjudicated Wilmurth's guilt.

The record before this court does not contain an affidavit of indigency for appointment of counsel before the trial. *See* TEX. CODE CRIM. PROC. ANN. 26.05(g) (West Supp. 2013); *Wiley v. State*, No. PD-1728-12, 2013 WL 5337093, at *2 (Tex. Crim. App. Sept. 25, 2013). The record does, however, include the appointment of counsel to represent Wilmurth at the trial level. Accordingly, we conclude the record supports that Wilmurth was indigent and unable to employ counsel. *See Wiley*, 2013 WL 5337093, at *2 (explaining defendant previously found indigent is presumed to remain indigent); *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013)) ("[A] 'defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'").

## CONCLUSION

We affirm the trial court's judgment, *see Bledsoe*, 178 S.W.3d at 826–27, and grant appellate counsel's motion to withdraw, *see Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1. However, because attorney's fees may not be assessed against Wilmurth, we modify the judgment and bill of costs to delete the assessment of attorney's fees. *See Moore v. State*, No. 09-11-00622-CR, 2012 WL 4470898, at *1 (Tex. App.—Beaumont Sept. 26, 2012, no pet.) (mem. op., not designated for publication).

No substitute counsel will be appointed. Should Wilmurth wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from (1) the date of this opinion or (2) the

date the last timely motion for rehearing or en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Patricia O. Alvarez, Justice

PUBLISH