In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00454-CR**
_____

**ORAN LESPERANCE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1A District Court**
**Jasper County, Texas**
**Trial Cause No. 13156JD**

**MEMORANDUM OPINION**

The State charged Oran Lesperance by information for the offense of assault of an individual with whom he had a dating relationship as defined in section 71.0021(b) of the Texas Family Code, with the enhancement for a prior conviction of assault of a family member, a third-degree felony.[1] *See* Tex. Penal Code Ann.

_____

[1] Lesperance pled "true" to the enhancement.

§ 22.01(b)(2)(A) (West Supp. 2018);[2] Tex. Fam. Code Ann. § 71.0021(b) (West Supp. 2018). Lesperance pled guilty, initially receiving deferred adjudication and community supervision. The State filed a motion to adjudicate. The trial court adjudicated him guilty, sentenced him to five years confinement, imposed a $1,500 fine, and $1,125 in restitution. Counsel filed a brief containing his professional evaluation that after careful review of the record, he could find no arguable grounds on which to appeal and filed a motion to withdraw.[3] *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978).

## Background

Lesperance pled guilty to the offense of assault of an individual with whom he had a dating relationship as well as a prior family violence conviction. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A). On June 20, 2017, the trial court deferred finding him guilty and placed him on five years deferred adjudication and ordered him to pay a fine of $1,500 and restitution in the amount of $675.[4] In the order of deferred

---

[2] We cite to the current version of the statute as it does not affect the outcome of this appeal.

[3] After this appeal was filed, an order of shock probation was entered by the trial court, which is a separate appealable order requiring a separate notice of appeal. *See Smith v. State*, No. PD-0514-17, 2018 WL 4610964, at *7 (Tex. Crim. App. Sept. 26, 2018). Lesperance has not appealed the shock probation order.

[4] There were two separate deferred adjudication orders in the clerk's record. One listed the $675 amount as restitution, while the other indicated the $675 was a fee to pay the court appointed attorney.

adjudication, the trial court also ordered him to pay court costs of $245 and complete 160 hours of community service. On August 8, 2017, the State filed a motion to revoke Lesperance's community supervision and adjudicate guilt, alleging Lesperance violated eight conditions of his community supervision. Lesperance pled "true" to several violations. The trial court found Lesperance violated the terms of his community supervision, adjudicated him guilty, and orally pronounced a sentence of five years in a Texas Department of Criminal Justice (TDCJ) facility. In addition to sentencing Lesperance to five years, the written judgment included court costs of $245, a fine of $1,500, and restitution in the amount of $1,125.[5] Lesperance's court appointed appellate counsel filed an *Anders* brief which contained record cites and analysis along with his professional evaluation that no arguable grounds existed for an appeal. *See Anders*, 386 U.S. at 744; *High* 573 S.W.2d at 810. We notified Lesperance of his right to file a *pro se* brief, but we have not received a response.

## Analysis

We have independently reviewed the record and agree no arguable issues exist to support an appeal. *See Anders*, 386 U.S. at 744; *High* 573 S.W.2d at 811.

---

[5] In one place on the judgment the amount of $1,125 is classified as "restitution," while elsewhere in the judgment that amount is broken down into separate amounts of $675 and $450 and characterized as unpaid attorney's fees.

3

Therefore, it is unnecessary to appoint new counsel to re-brief the appeal. *Cf. Stafford v State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We find it necessary to modify the judgment in this case, however, because the judgment includes a fine of $1,500 and restitution of $1,125 that were not orally pronounced by the trial court. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding an appellate court has the authority to modify the judgment in an *Anders* case and to affirm the judgment as modified).

While the order deferring adjudication and placing Lesperance on community supervision included a fine and restitution,[6] the trial court's subsequent adjudication of guilt set aside the order deferring adjudication, including any fines or restitution. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). It is well-settled that a trial court must orally pronounce a defendant's sentence in the defendant's presence. *See* Tex. Code Crim. Proc. Ann. art. 42.03 § 1(a) (West 2018); *Taylor*, 131 S.W.3d at 500.

Restitution is punishment and attempts to redress a defendant's wrongs. *Ex Parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (citing *Cabla v. State*,

---

[6] The restitution amount of $675 was also characterized as attorney fees.

6 S.W.3d 543, 546 (Tex. Crim. App. 1999)). Because sentencing encompasses the measure of punishment to be meted out and restitution is a part of that punishment, restitution must be included in the oral pronouncement. *See Taylor*, 131 S.W.3d at 502*; Alexander*, 301 S.W.3d at 364. "The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement." *Taylor*, 131 S.W.3d at 500. If there is a conflict between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Id.* Court costs, however, are not punitive and do not have to be included in the oral pronouncement as a precondition to their inclusion in the written judgment. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

Moreover, while we do not see an affidavit of indigency, there are vouchers for court appointed counsel in the clerk's record. We conclude the record supports that Lesperance was indigent and unable to employ counsel. *See* Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2018); *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining defendant previously found indigent presumably remains indigent absent evidence of a "'material change'" in his financial status as reflected in the record); *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). As a presumably indigent defendant, Lesperance could not have attorney's fees assessed against him. *See Wilmurth v. State*, 419 S.W.3d 553, 555

(Tex. App.—San Antonio 2013, no pet.) (noting where record did not contain affidavit of indigency but counsel was appointed, the record supported defendant was indigent). Accordingly, we must modify the judgment and attached order to withdraw funds to remove the amount of $1,125, whether characterized as restitution or attorney's fees, and remove the fine of $1,500.

## Conclusion

After independently reviewing the record, we conclude no arguable issues exist to support an appeal. However, because the trial court failed to include the fine, restitution amount, or attorney's fees when it orally pronounced sentence, and the information in the record supports Lesperance's indigency, we modify the trial court's written judgment and attached order to withdraw funds. Specifically, in the "SENTENCE" portion of the judgment, we delete "$1,500.00 Unpaid Fine[,]" "$675.00 Unpaid Attorney Fees[,]" and "$450.00 Attorney Fees Related to MTAG[.]" Under the "Fine" section, we delete "$1,500.00[.]" Under the "Restitution" section we delete the amount of "$1,125.00[.]" The order to withdraw funds and bill of costs attached to the judgment are likewise modified to comport with the judgment as modified.

AFFIRMED AS MODIFIED.

                                        _____
                                        CHARLES KREGER
                                        Justice

Submitted on September 17, 2018
Opinion Delivered November 28, 2018
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

7