

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-19-00232-CR & 04-19-00233-CR

Ambrosio Rodriguez **LERMA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court Nos. B17137 & B17636
Honorable Rex Emerson, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Beth Watkins, Justice

Delivered and Filed:  February 5, 2020

MOTION TO WITHDRAW GRANTED; AFFIRMED AS MODIFIED

Appellant Ambrosio Rodriguez Lerma, Jr. pled guilty to the offenses of evading arrest with a motor vehicle and resisting arrest using a deadly weapon. Lerma elected to have the trial court assess punishment, and the trial court sentenced Lerma to sixty years in prison. Lerma appealed.

Lerma's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes the appeal has no merit. Counsel provided Lerma with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex.

App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Lerma did not file a pro se brief.

After reviewing the record and briefs, we agree the appeal is frivolous and without merit. However, because the record shows Lerma is indigent and does not indicate a material change in his financial circumstances has occurred, we must modify the part of the judgment assessing court-appointed attorney's fees against Lerma in Appeal No. 04-19-00233-CR (Trial Court Cause No. B17636). *See Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."); *Wilmurth v. State*, 419 S.W.3d 553, 554 (Tex. App.—San Antonio 2013, no pet.) (modifying judgment to delete assessment of attorney's fees when defendant is indigent). We therefore modify the judgment in Appeal No. 04-19-00233-CR (Trial Court Cause No. B17636) to delete the assessment of any attorney's fees against Lerma, and we affirm that judgment as modified. *See id.* at 251–52; *Wilmurth*, 419 S.W.3d at 554. We further affirm the judgment in Appeal No. 04-19-00232-CR (Trial Court Cause No. B17137) and grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Lerma wish to seek further review of this case by the Texas Court of Criminal Appeals, Lerma must either retain an attorney to file a petition for discretionary review or Lerma must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal

04-19-00232-CR & 04-19-00233-CR

Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Beth Watkins, Justice

DO NOT PUBLISH