

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00066-CR

Kris **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 17-0482-CR-C
Honorable William D. Old III, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: September 22, 2021

MOTION TO WITHDRAW GRANTED; AFFIRMED AS MODIFIED

In 2017, appellant Kris Martinez pled guilty to "assault family violence impeding breath/circulation." TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(B). Pursuant to the terms of a plea agreement, the trial court deferred a finding of guilt and placed Martinez on community supervision for eight years. In 2021, Martinez pled true to violations of fifteen terms of his community supervision, and the trial court found the violations true. The trial court adjudicated Martinez's guilt and sentenced him to nine years in prison. TEX. PENAL CODE ANN. § 12.34(a). Martinez appealed.

Martinez's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes the appeal has no merit but argues that because Martinez is indigent, the judgment should be reformed to delete the requirement that Martinez pay $600 in court-appointed attorney's fees that were assessed in 2021 and are reflected on the February 2, 2021 bill of costs. Counsel provided Martinez with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Martinez did not file a pro se brief and the State filed a letter waiving its right to file a response brief.

After reviewing the record and briefs, we agree the appeal is frivolous and without merit. However, because the record shows Martinez is indigent and does not indicate a material change in his financial circumstances has occurred, we also agree we must modify the part of the judgment assessing $600 in court-appointed attorney's fees against Martinez. *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (noting that, under Texas Code of Criminal Procedure art. 26.04(p), a defendant who is determined by the court to be indigent is presumed to remain so absent a material change in the defendant's financial circumstances); *Wilmurth v. State*, 419 S.W.3d 553, 554–55 (Tex. App.—San Antonio 2013, no pet.) (modifying judgment to delete assessment of attorney's fees when defendant is indigent). We therefore modify the judgment to subtract $600 in court-appointed attorney's fees assessed against Martinez, and we affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b); *Cates*, 402 S.W.3d at 251–52; *Wilmurth*, 419 S.W.3d at 554–55. We grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Martinez wish to seek further review of this case by the Texas Court of Criminal Appeals, Martinez must either retain an attorney to file a

petition for discretionary review or Martinez must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 68.4.

Beth Watkins, Justice

DO NOT PUBLISH