

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00003-CR

David **LUNA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 13-1176-CR-B
Honorable Gary L. Steel, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: February 2, 2022

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Appellant David Luna appeals the trial court's judgment revoking his community supervision. Because we conclude this appeal is frivolous and without merit, we affirm the trial court's judgment and grant counsel's motion to withdraw.

On May 23, 2016, Luna pled guilty to the offense of burglary of a habitation. The trial court sentenced him to ten years in prison, suspended the sentence, and placed Luna on community supervision for eight years. Thereafter, the State moved to revoke Luna's community supervision.

On December 2, 2020, the trial court revoked Luna's community supervision and imposed a ten-year sentence.

On appeal, Luna's court-appointed appellate counsel filed a brief stating he conducted a professional evaluation of the record and determined there are no arguable grounds to be advanced on Luna's behalf. *See Anders v. California*, 386 U.S. 738, 744 (1967). With citations to the record and legal authority, counsel explains why he concluded the appeal is without merit. Counsel states he thoroughly reviewed the record in the underlying criminal proceeding, as well as the record of the revocation hearing. The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *Id.* at 744–45; *Stafford v. State*, 813 S.W.2d 503, 509–10, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978).

Counsel provided Luna with copies of counsel's *Anders* brief and motion to withdraw, a motion for pro se access to the appellate record, and informed Luna of his right to review the record, file his own brief, and seek discretionary review should this court conclude Luna's appeal is frivolous. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Thereafter, we set the deadline for Luna to file a pro se brief. Luna did not file a pro se brief.

After reviewing the record and counsel's *Anders* brief, we conclude there is no reversible error and agree this appeal is frivolous and without merit. However, because the record shows Luna is indigent and does not indicate a material change in his financial circumstances occurred, we must modify the part of the judgment assessing court-appointed attorney's fees against him. *See Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (internal quotations omitted) ("[A] defendant who is determined by the court to be indigent is presumed to remain indigent for

the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."); *Wilmurth v. State*, 419 S.W.3d 553, 554–55 (Tex. App.—San Antonio 2013, no pet.) (modifying judgment to delete assessment of attorney's fees when defendant is indigent). Accordingly, we modify the trial court's judgment to delete the assessment of attorney's fees against Luna.

Our review also discloses a remedial error in the written judgment. The judgment incorrectly states Luna pled "True" to the allegations in the State's motion to revoke. Because the written judgment does not accurately reflect the proceedings in the trial court, we modify the judgment to change the "Plea to Motion to Revoke:" from "True" to "Not True." *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating appellate court is authorized to reform the judgment to "make the record speak the truth").

We grant the motion to withdraw filed by Luna's counsel, modify the trial court's judgment, and affirm the judgment as modified.[1] *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Irene Rios, Justice

Do not publish

---

[1] No substitute counsel will be appointed. Should Luna wish to seek further review of this case by the Texas Court of Criminal Appeals, Luna must either retain an attorney to file a petition for discretionary review or Luna must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.