

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00802-CR

Michael Lee **BRODE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-21-0000185
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: March 20, 2024

MOTION TO WITHDRAW GRANTED; ABATED AND REMANDED

In this appeal, court-appointed counsel filed an *Anders* brief and a motion to withdraw. Because arguable grounds for appeal exist, we grant counsel's motion to withdraw and abate this appeal. We remand the cause to the trial court for appointment of new appellate counsel.

## BACKGROUND

Appellant Michael Lee Brode appeals the trial court's judgment adjudicating guilt. On December 6, 2021, Brode pled guilty to the offense of possession of a controlled substance in the amount of less than one gram. The trial court sentenced him to three years deferred adjudication

community supervision. Thereafter, the State moved to proceed to adjudicate guilt alleging Brode violated the terms of his community supervision. On November 9, 2022, the trial court heard the State's motion to adjudicate guilt and entered a judgment of conviction. The trial court sentenced Brode to eighteen months in state jail and assessed: a $2,000 fine; $290 in court costs; and $1,050 in reimbursement fees, of which $975 were attorney's fees.

On appeal, Brode's court-appointed appellate counsel filed a brief stating he conducted a professional evaluation of the record and determined there are no arguable grounds to be advanced on Brode's behalf. *See Anders v. California*, 386 U.S. 738, 744 (1967). With citations to the record and legal authority, counsel explains why he concluded the appeal is without merit. The brief meets the requirements of *Anders*. *Id.* at 744–45; *Stafford v. State*, 813 S.W.2d 503, 509–10, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel also provided Brode with copies of counsel's *Anders* brief and motion to withdraw, a motion for pro se access to the appellate record, and informed Brode of his right to review the record, file his own brief, and seek discretionary review should this court conclude Brode's appeal is frivolous. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Thereafter, we granted Brode's motion for pro se access to the appellate record and we set the deadline for Brode to file a pro se brief. Brode did not file a pro se brief.

### INDEPENDENT REVIEW

Although counsel satisfied the procedural requirements of *Anders*, we are required to conduct an independent review to determine whether the appeal is wholly frivolous or whether arguable grounds for appeal exist. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). If we determine a nonfrivolous ground for appeal exists, we must grant defense counsel's motion

to withdraw, abate the appeal, and remand the cause to the trial court for appointment of new counsel. *Id.* at 766 n.15. The newly-appointed appellate counsel is then required to file a brief raising the nonfrivolous ground we have identified as well as any additional grounds the attorney discovers. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

After reviewing the brief and the record, we conclude the appeal is not wholly frivolous and there are arguable grounds for appeal, including whether the trial court erred by failing to make an inquiry on the record regarding the defendant's ability to immediately pay all or part of the fine and court costs. *See Almeida v. State*, No. 04-22-00669-CR, 2024 WL 172588, at *1–3 (Tex. App.—San Antonio Jan. 17, 2024, no pet.) (concluding an arguable issue exists if the record does not reflect the trial court made an inquiry on the record regarding defendant's ability to pay a fine or court costs); TEX. CODE CRIM. PROC. art. 42.15(a-1). Further, the record shows Brode is indigent and does not indicate a material change in his financial circumstances occurred; therefore, the judgment should be modified to delete the assessment of court-appointed attorney's fees against Brode. *See Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."); *Wilmurth v. State*, 419 S.W.3d 553, 555 (Tex. App.—San Antonio 2013, no pet.) (modifying judgment to delete assessment of attorney's fees when defendant is indigent).

## CONCLUSION

We therefore grant counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court. *See Garner*, 300 S.W.3d at 766 n.15. The trial court shall, within forty-five days from the date of our order, appoint new appellate counsel to present all arguable grounds of error, including but not limited to the nonfrivolous grounds noted in this opinion. *See Bledsoe*,

- 3 -

178 S.W.3d at 827. We order the trial court to notify this court of the appointment within forty-five days of our order.

Irene Rios, Justice

DO NOT PUBLISH