

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00802-CR

Michael Lee **BRODE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-21-0000185
Honorable M. Rex Emerson, Judge Presiding[1]

Opinion by:  Irene Rios, Justice

Sitting:  Luz Elena D. Chapa, Justice
Irene Rios, Justice
Lori Massey Brissette, Justice

Delivered and Filed: December 23, 2024

JUDGMENT MODIFIED; AFFIRMED AS MODIFIED

Appellant Michael Lee Brode appeals his conviction for possession of a controlled

substance, methamphetamine, in the amount of less than one gram. *See* TEX. HEALTH & SAFETY

CODE ANN. §§ 481.102(6), 481.115(b). On appeal, Brode contends the trial court erred by failing

---

[1] Prior to his retirement, the Honorable M. Rex Emerson presided over appellant Michael Lee Brode's sentencing proceeding. Following this case's remand, the Honorable M. Patrick Maguire appointed new appellate counsel for Brode in accordance with our March 20, 2024 memorandum opinion following the case's abatement and remand. *See Brode v. State*, No. 04-22-00802-CR, 2024 WL 1184460, at *2 (Tex. App.—San Antonio March 20, 2024, no pet.) (mem. op., not designated for publication).

to conduct an "ability-to-pay" inquiry on the record as required by article 42.15(a–1) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a–1). Brode also contends the evidence is insufficient to support the trial court's assessment of attorney's fees against him because he remains indigent. *See id.* arts. 26.04(p), 26.05(g). We affirm the trial court's December 16, 2022 nunc pro tunc judgment as modified.

## BACKGROUND

On December 6, 2021, Brode pled guilty to the offense of possession of a controlled substance in the amount of less than one gram. The trial court placed him on deferred adjudication community supervision for three years. Subsequently, the State moved to revoke his deferred adjudication based on Brode's violations of his community supervision. The trial court revoked Brode's community supervision and adjudicated Brode guilty of the charged offense. The trial court's November 9, 2022 original judgment of conviction sentenced Brode to eighteen months in state jail and assessed: a $2,000 fine; $290 in court costs; and $1,050 in reimbursement fees, of which $975 were attorney's fees.

Brode appealed, and pursuant to *Anders v. California*, 386 U.S. 738 (1967), Brode's first court-appointed appellate attorney filed a brief concluding the appeal was frivolous and without merit. *See Brode v. State*, No. 04-22-00802-CR, 2024 WL 1184460, at *1 (Tex. App.—San Antonio March 20, 2024, no pet.) (mem. op., not designated for publication). After reviewing the *Anders* brief and the record, we determined a non-frivolous ground for appeal existed. *Id*. at *2. Specifically, we concluded the record raised questions about whether the trial court erred by failing to make an "ability-to-pay" inquiry on the record regarding the defendant's ability to pay the fine and court costs. *See id*. (citation omitted); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1). Moreover, we also noted the record showed Brode was indigent and did not indicate a material

change had occurred in his financial circumstances; and therefore, the judgment should be modified to delete the assessment of court-appointed attorney's fees against Brode. *See Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) ("[A] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.") (citation omitted); *Wilmurth v. State*, 419 S.W.3d 553, 555 (Tex. App.—San Antonio 2013, no pet.) (modifying judgment to delete assessment of attorney's fees when defendant is indigent); *see also* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g).

We therefore abated the appeal and remanded the case to the trial court for appointment of new appellate counsel. *See Brode*, 2024 WL 1184460, at *2.

### APPELLATE ISSUES ON REMAND

Brode's newly appointed appellate counsel filed a brief arguing the mandatory language of article 42.15(a–1) required the trial court to make an inquiry on the record as to "whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs." *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a–1). According to Brode, he was not required to preserve this complaint for appeal, and we should remand the case to the trial court so the trial court may perform the statutorily required "ability-to-pay" inquiry.

Additionally, Brode contends the trial court cannot order him to pay attorney's fees, as it did in the original judgment of conviction, absent a material change in his indigent financial circumstances. *See Cates*, 402 S.W.3d at 251; *Wilmurth*, 419 S.W.3d at 555; *see also* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g). Thus, Brode contends the attorney's fees should be deleted from the final judgment. *See Wilmurth*, 419 S.W.3d at 555.

In response, the State asserts the trial court removed all assessed fines, court costs, and attorney's fees, as reflected in its June 27, 2024 nunc pro tunc judgment. Therefore, the State contends Brode received all the relief he requested, rendering his appellate complaints moot.

### NUNC PRO TUNC JUDGMENTS

Neither Brode's counsel nor the State addressed whether the trial court had plenary power to render the two nunc pro tunc judgments, the first dated December 16, 2022, and the second dated June 27, 2024, following its original November 9, 2022 final judgment of conviction, or if the nunc pro tunc judgments were properly rendered after the trial court's plenary power expired.

Absent timely filed post-judgment motions, a trial court loses plenary power over its final judgment after thirty days. *See* TEX. R. APP. P. 21.4; *see also Rubio v. State*, 638 S.W.3d 693, 697–98 (Tex. Crim. App. 2022). After losing its plenary power, a trial court can correct a clerical error in the judgment by issuing a nunc pro tunc judgment. *Williams v. State*, 603 S.W.3d 439, 442–43 (Tex. Crim. App. 2020); *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) ("A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered."). "[*N*]*unc pro tunc* judgments may not be used by a court to change the record to reflect what the court believes should have occurred in the original proceeding." *Blanton v. State*, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012).

Because Brode did not file any post-judgment motions extending the trial court's plenary power, the trial court's plenary power over its judgment expired December 9, 2022. *See* TEX. R. APP. P. 21.4; *see also Rubio*, 638 S.W.3d at 697–98. Thus, the trial court's December 16, 2022 nunc pro tunc judgment and June 27, 2024 nunc pro tunc judgment are only valid judgments if the trial court used them to correct a clerical mistake or to make Brode's judgment mirror the judgment actually rendered. *See Collins*, 240 S.W.3d at 928; *see also Blanton*, 369 S.W.3d at 898.

*December 16, 2022 Nunc Pro Tunc Judgment*

The December 16, 2022 nunc pro tunc judgment corrected Brode's total jail time credit. A trial court's failure to award the proper jail time credit to a defendant may be corrected by a nunc pro tunc judgment. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004); *see also* TEX. R. APP. P. 23.2. And while the new nunc pro tunc judgment also removed the checkmark beside "General Fine" and did not reflect the amount of fine on the same line, $2,000 was reflected under "Fines" on the first page of the nunc pro tunc judgment, the same amount that was reflected on the trial court's November 9, 2022 original judgment of conviction. Last, unlike the original judgment, the December 16, 2022 nunc pro tunc judgment also did not include the checkmark on the last page of the judgment indicating that after the trial court inquired into Brode's financial status, Brode could not immediately pay all or part of the fine and costs, and therefore his payment of all fines and costs would be by "[p]ayment plan to begin instanter and/or upon release from incarceration and/or by Order Withdrawing from Inmate Trust Account with the Court Compliance Office." None of the fines, court costs, or reimbursement fees on the first page of the nunc pro tunc judgment were modified. We conclude the trial court's December 16, 2022 nunc pro tunc judgment is valid with respect to the trial court's corrected jail time credit; however, to the extent the new judgment unchecked the box next to "General Fine" and omitted $2,000 as the amount of the fine and unchecked the box for the payment plan requirement, the changes to the December 16, 2022 nunc pro tunc judgment are invalid. *See Ybarra,* 149 S.W.3d at 148; *see also Collins*, 240 S.W.3d at 928. As will be explained below, we reform the judgment to correct these errors in the December 16, 2022 nunc pro tunc judgment.

*June 27, 2024 Nunc Pro Tunc Judgment*

The trial court's June 27, 2024 nunc pro tunc judgment, following remand, removed the $2,000 fine, the $290 court costs, and the $1,050 reimbursement fees. While we will further address the reimbursement fees below, nothing in the records indicate that on November 9, 2022, the trial court intended to order no court costs or reimbursement fees. The trial court's changes to the June 27, 2024 nunc pro tunc judgment were impermissible attempts "to change the record to reflect what the court [now] believes should have occurred in the original proceeding." *See Blanton*, 369 S.W.3d at 898. Therefore, because the trial court lost plenary power over its November 9, 2022 original judgment of conviction, and its June 27, 2024 nunc pro tunc judgment did not merely correct clerical errors, the June 27, 2024 nunc pro tunc judgment is void. *See Collins*, 240 S.W.3d at 928; *State v. Garza*, 824 S.W.2d 324, 325–26 (Tex. App.—San Antonio 1992, pet. ref'd) (concluding nunc pro tunc judgment void because it corrected more than a clerical error). Accordingly, we apply the remaining analysis to Brode's correct final judgment of conviction, the December 16, 2022 nunc pro tunc judgment as modified below.

**ANALYSIS**

*A. Ability-to-Pay Inquiry*

Recently, the Texas Court of Criminal Appeals held that the right to an article 42.15 hearing is a forfeitable right. *See Cruz v. State*, 698 S.W.3d 265, 269 (Tex. Crim. App. 2024). The *Cruz* Court held as follows:

> An ability-to-pay inquiry is not fundamental to the adjudicatory system; it is a post-trial procedure that has nothing to do with adjudication; it does not ensure a jury, a fair trial, a correctly informed sentencing judge, or a defendant's ability to understand the proceedings against him. It does not implicate "the integrity of judicial sentencing proceedings" or "the criminal adjudicatory process[.]" . . . Requesting it would not likely be futile, and its post-trial timing forecloses the possibility that asking for it would expose the jury to the judge's bias. . . . Requiring an objection to enforce it would not undermine "the public's perception of the

- 6 -

> fairness of our judicial system" or engender "suspicions" about the system's "fairness and accuracy." . . . In short, an ability-to-pay inquiry made during or right after sentencing bears no consequence to the adjudicatory process.

*Id.* (citations omitted). Therefore, a defendant who fails to request an ability-to-pay inquiry on the record, fails to preserve error. *See Cruz*, 698 S.W.3d at 268–69; *see also* TEX. R. APP. P. 33.1(a).

However, as *Cruz* further points out, "missing out on [an ability-to-pay inquiry] would not doom a defendant to undue hardship." *Cruz*, 698 S.W.3d at 269. Specifically, the trial court retains jurisdiction indefinitely to address and determine the fine and costs in an inability-to-pay inquiry. *See* TEX. CODE CRIM. PROC. ANN. art. 43.035(e) ("The court retains jurisdiction for the purpose of making a determination under [article 43.035 addressing the trial court's reconsideration of fine or costs upon request by the defendant]"); *Cruz*, 698 S.W.3d at 269. And, "[t]he same relief from fine and costs offered by Article 42.15(a–1)(1)-(4)—delayed or periodic payments, community service, and/or fine-and-costs waiver—is available forever after sentencing." *Cruz*, 698 S.W.3d at 269 (citing TEX. CODE CRIM. PROC. ANN. art. 43.035(a)); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.15(a–1)(1)-(4).

Thus, we overrule Brode's first issue associated with his failure to request the trial court conduct an ability-to-pay inquiry at his sentencing but note he may request the inquiry at any time in accordance with article 43.035 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 43.035.

## B. Attorney's Fees

In his second issue, Brode contends the evidence is insufficient to support the assessment of attorney's fees. We agree the trial court erred in ordering Brode to pay attorney's fees absent a material change in his financial circumstances. *See Cates*, 402 S.W.3d at 251; *Wilmurth*, 419 S.W.3d at 555; *see also* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g). Therefore, because

the trial court erred by including the attorney's fees, we order the December 16, 2022 nunc pro tunc judgment be modified to delete $975, the amount of attorney's fees included in the reimbursement fees totaling $1,050, thereby, leaving $75 remaining due under the reimbursement fees section.

We sustain Brode's second issue.

CONCLUSION

We overrule Brode's first issue on appeal as he waived appellate review by failing to request the trial court conduct an ability-to-pay inquiry during his sentencing. We sustain Brode's second issue as to charging him with attorney's fees absent a material change in his financial circumstances. We order the trial court's December 16, 2022 nunc pro tunc judgment be modified to (1) subtract $975 from the total reimbursement fees of $1050, leaving $75 remaining due under reimbursement fees, (2) on page two under the fines imposed heading, check the box next to "General Fine" and insert "2,000" in the blank indicating the amount of fine, and (3) check the box on the last page indicating the payment of appellant's fines and costs will be made according to a "[p]ayment plan to begin instanter and/or upon release from incarceration and/or by Order Withdrawing from Inmate Trust Account with the Court Compliance Office." We affirm the trial court's December 16, 2022 nunc pro tunc judgment as modified.

Irene Rios, Justice

DO NOT PUBLISH