

# Fourth Court of Appeals

## San Antonio, Texas

### OPINION

No. 04-13-00873-CR

Waylin Lee **WIEDENFELD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 10-1207-CR
Honorable Gary L. Steel, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  November 5, 2014

MOTION TO WITHDRAW GRANTED; AFFIRMED AS MODIFIED

A jury convicted appellant Waylin Lee Wiedenfeld of sexual assault of a child and

indecency with a child by contact.  Based on the jury's recommendation, the trial court sentenced

Wiedenfeld to eleven years' confinement and a $1,000.00 fine on each count, orally stating the

sentences were to run concurrently — confinement and fines.

Wiedenfeld's court-appointed attorney filed a motion to withdraw and a brief in support of

the motion.  Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S.

738 (1967) by presenting a professional evaluation of the record, demonstrating why there are no

reversible grounds on appeal, and referencing any grounds that might arguably support the appeal. Counsel certified he served copies of the brief and motion on appellant and informed appellant of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Wiedenfeld did not file a brief.

In his brief, counsel contends there are no arguable issues that would entitle Wiedenfeld to a reversal. However, counsel contends we must modify the judgment because the trial court improperly ordered Wiedenfeld to pay $2,000.00 in fines in the written judgment after orally pronouncing that Wiedenfeld's sentences — confinement and fine — would run concurrently.

The record establishes that after the verdict was read, the trial court orally pronounced sentence, stating:

> Then I will hereby approve the verdict of the jury and sentence you, Mr. Wiedenfeld to 11 years in the penitentiary on both counts. They will run concurrent. *I assess a $1,000 fine, which will also run concurrent.*

(emphasis added). Despite the oral pronouncement, the trial court's original judgment and subsequent nunc pro tunc judgment assessed a fine of $2,000.00. The trial court prepared a withdrawal notification to the Texas Department of Criminal Justice–Institutional Division based on the assessment of a $2,000.00 fine. The assessment of punishment was contrary to the court's oral pronouncement.

Section 3.03(b) of the Texas Penal Code provides that when a defendant is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, the sentences may run concurrently if each sentence is for a conviction of an offense under section 21.11 of the Penal Code — indecency with a child — and section 22.021(b) — aggravated sexual assault of a child, among others. TEX. PENAL CODE ANN. § 3.03(b) (West Supp. 2014); *see* TEX. PENAL CODE ANN. §§ 21.11, 22.021(b). The record establishes Wiedenfeld was found guilty

of offenses arising out of the same criminal episode and was prosecuted in a single criminal action for those offenses. The record also establishes the offenses for which he was convicted are those set out in section 3.03(b) of the Penal Code. Thus, the trial court was within its discretion to order that Wiedenfeld's sentences run concurrently.

"A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (citing TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (West Supp. 2014)). Thus, when the trial court's oral pronouncement conflicts with the written judgment, the oral pronouncement controls. *Madding*, 70 S.W.3d at 135. As the court stated in *Madding*: "To orally pronounce one sentence to a defendant's face and then to sign a written judgment . . . when the defendant is not present, that embodies . . . [a] more severe sentence than the oral sentence, violates any notion of constitutional due process and fair notice. A defendant has a due process 'legitimate expectation' that the sentence he heard orally pronounced in the courtroom is the same sentence he will be required to serve." *Id.* at 136.

Fines are punitive and are intended to be part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Penal Code, which is entitled "Punishments." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citing *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009)); *State v. Crook*, 248 S.W.3d 172, 174 (Tex. Crim. App. 2008) (holding fine is part of sentence). Fines must be orally pronounced in the defendant's presence. *Armstrong*, 340 S.W.3d at 767. Accordingly, as part of the sentence, fines may run concurrently just like periods of confinement. *See Crook*, 248 S.W.3d at 177.

In this case, the trial court orally pronounced that the $1,000.00 fine imposed on each count would run concurrently. It was within the trial court's discretion to so order. *See* TEX. PENAL CODE ANN. § 3.03(b). However, the judgment varies with the trial court's oral pronouncement,

imposing a total of $2,000.00 in fines as opposed to the concurrent sentence of $1,000.00. As stated above, if there is a variance between the trial court's oral pronouncement and the written judgment, the oral pronouncement controls. *Madding*, 70 S.W.3d at 135. Accordingly, we hold the trial court erred in assessing $2,000.00 in fines in the written judgment. We hold the nunc pro tunc judgment must be modified to reflect the imposition of a $1,000.00 fine. Moreover, the trial court must also amend its withdrawal notification directing the Texas Department of Criminal Justice—Institutional Division to reflect withdrawals commensurate with the modified judgment.

Having reviewed the record and counsel's brief, we agree there is no reversible error and the appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, the trial court's judgment must be modified to comport with the trial court's oral pronouncement that the fines imposed run concurrently, i.e., to reflect $1,000.00 in fines. We grant the motion to withdraw filed by Wiedenfeld's counsel and affirm the trial court's judgment as modified. *See Wilmurth v. State*, 419 S.W.3d 553, 555 (Tex. App.—San Antonio 2013, no pet.) (modifying judgment in *Anders* case to delete assessment of attorney's fees and affirming as modified); *Bray v. State*, 179 S.W.3d 725, 729–30 (Tex. App.—Fort Worth 2005, no pet.) (modifying judgment in *Anders* case to delete condition of parole and affirming as modified because abatement "would require the trial court to do a useless task—appoint counsel to raise an issue of law that we have previously ruled on . . ." and affirming as modified).

No substitute counsel will be appointed. Should Wiedenfeld wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be

filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Marialyn Barnard, Justice

Publish