

NUMBER 13-15-00584-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BRANDON MARSH, **Appellant,**

v.

THE STATE OF TEXAS, **Appellee.**

**On appeal from the 156th District Court
of Bee County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Brandon Marsh appeals his conviction and two-year sentence for unauthorized use of a motor vehicle, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.07 (West, Westlaw through 2015 R.S.). We affirm as modified.

## I. BACKGROUND

The State charged appellant with unauthorized use of a motor vehicle over his failure to return a truck entrusted to him by his employer. *See id.* Appellant pled guilty pursuant to a plea agreement which called for him to receive a suspended sentence of eighteen months' confinement in a state jail facility and be placed on community supervision for the same length of time. The trial court accepted the plea of guilty but set the sentencing hearing for a later date.

Before the sentencing hearing, appellant filed a motion to withdraw the plea agreement and enter an open plea. Appellant's trial counsel explained that appellant had learned that he had been denied parole in another case for which he was incarcerated. His counsel explained that appellant was concerned that he would be unable to comply with the terms and conditions of community supervision while still incarcerated. The trial court granted appellant's motion, found him guilty of the offense, and imposed a sentence of two years' confinement in state jail, court costs, and no fine.

This appeal followed. Appellant's appointed counsel has filed a motion to withdraw supported by an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967).

## II. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief

need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) and *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.[1]  Counsel has informed this Court, in writing, that counsel has:  (1) notified the appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) informed the appellant of his rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if the Court concludes that the appeal is frivolous; and (3) provided appellant with a form motion for pro se access to the appellate record, lacking only the appellant's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days.  *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate time has passed, and appellant has not filed a pro se motion for access to the

---

[1] Counsel informed us that he specifically considered whether:  (1) appellant's plea of guilty was knowing and voluntary; (2) the sentence imposed by the trial court constituted cruel and unusual punishment; and (3) appellant's trial counsel provided constitutionally ineffective assistance.  Counsel ultimately concluded that none of these issues were meritorious.

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

appellate record or a motion for extension of time to do so.  No pro se response was filed, and the State has also not filed a brief.

### III. INDEPENDENT REVIEW & MODIFICATION

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio,* 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  We have found no reversible error in the record.

However, we note that contrary to the reporter's record of the final hearing, the judgment in this case reflects that the length of appellant's sentence was eighteen months and imposed pursuant to a plea agreement.  When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls.  *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).  Appellate courts have the authority to modify a judgment to make it speak the truth when an issue is called to the court's attention by any source.  *See* TEX. R. APP. P. 43.2(b) (authorizing appellate courts to modify the judgment and affirm as modified); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc).  Accordingly, we modify the judgment to reflect that appellant was sentenced to confinement in a state jail facility for two years and that there was no plea bargain.  *See* TEX. R. APP. P. 43.2(b); *see also Wiedenfeld v. State*, 450 S.W.3d 905, 907–08 (Tex.

4

App.—San Antonio 2014, no pet.) (modifying the judgment in a case where counsel filed an *Anders* brief to make it consistent with the trial court's oral pronouncement of sentence).

### IV. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.3, 68.4.

## V. CONCLUSION

We affirm the trial court's judgment as modified in this opinion.


Nora L. Longoria
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of April, 2016.