# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00074-CR
## NO. 03-16-00075-CR

**Cyd Lavan Alexander, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
## NOS. D-1-DC-14-204544 & D-1-DC-14-204545
## HONORABLE JIM CORONADO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Cyd Lavan Alexander was charged with delivery of a controlled substance, methamphetamine, in an amount less than one gram, *see* Tex. Health & Safety Code § 481.115(b), and with possession with intent to deliver a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams, *see id.* § 481.115(c). For the first offense, a jury found appellant guilty and found two enhancement paragraphs "true," making the offense punishable as a second-degree felony. *See* Tex. Penal Code § 12.425(b). For the second offense, the jury found appellant guilty and found an enhancement paragraph "true," making the offense punishable as a first-degree felony. *See id.* § 12.42(b). The jury assessed appellant's punishment at three years' imprisonment and a $2,500 fine for the first offense and eight years' imprisonment and a $2,500 fine for the second offense. When sentencing appellant, the trial court orally pronounced that the sentences would run concurrently.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 86–87 (1988).

Appellant's counsel has represented to the Court that he has provided copies of the motion and the brief to appellant; advised appellant of his right to examine the appellate record and file a pro se brief; and provided appellant with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We have not received a pro se brief from appellant.

We have conducted an independent review of the record, including appellate counsel's brief, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous.

However, appellate counsel notes that each judgment assesses a $2,500 fine against appellant, and each judgment is accompanied by an order to withdraw funds from appellant's inmate account. A fine is part of appellant's sentence, *see State v. Crook*, 248 S.W.3d 172, 174 (Tex. Crim. App. 2008) (plurality op.) (citing *State v. Ross*, 953 S.W.2d 748, 750 (Tex. Crim. App. 1997)), and the trial court's oral pronouncement that appellant's sentences would run concurrently controls

over an inconsistent written judgment, *see Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Indeed, the trial court would have had no discretion to order that appellant's sentences run consecutively in this case. *See* Tex. Health & Safety Code § 481.132 (d); *see also* Tex. Penal Code § 3.03(a). Because each judgment lists the $2,500 fine and is accompanied by a withdrawal order, it is unclear whether appellant will actually be assessed a total fine of $5,000. To ensure that appellant's sentences run concurrently and that the total fine assessed against him is $2,500, we modify the judgment in cause number D-1-DC-14-204544 so that the "Fine" sections reads, "$2500.00, to run concurrently with the fine in cause number D-1-DC-14-204545." Similarly, we modify the judgment in cause number D-1-DC-14-204545 so that the "Fine" section reads, "$2500.00, to run concurrently with the fine in cause number D-1-DC-14-204544." *See* Tex. R. App. P. 43.2(b); *Aldana v. State*, No. 08-13-00243-CR, 2015 WL 2344023, at *2 (Tex. App.—El Paso May 14, 2015, pet. ref'd) (not designated for publication) (modifying judgments when fines should have run concurrently); *Wiedenfeld v. State*, 450 S.W.3d 905, 907 (Tex. App.—San Antonio 2014, no pet.) (modifying judgment "to comport with the trial court's oral pronouncement that the fines imposed run concurrently").[1]

In addition, our own review of the record has revealed non-reversible error in the judgment for the second offense. The record shows that appellant was charged with and found guilty

---

[1] The State concedes that the fines should run concurrently, for a total fine of $2,500. Nevertheless, the State urges that this Court "may lack jurisdiction" to modify the withdrawal orders, which "are construed as a civil matter." However, we are modifying the judgment of conviction, not the withdrawal order. *See Aldana v. State*, No. 08-13-00243-CR, 2015 WL 2344023, at *2 (Tex. App.—El Paso May 14, 2015, pet. ref'd) (not designated for publication) ("The order to withdraw funds in Counts Four and Five, however, are expressly incorporated into the judgments of conviction and became part of it. Having reformed the judgments of convictions in Four and Five to delete the $3,000 fine, the orders to withdraw funds are necessarily mooted.").

of possession with intent to deliver a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams. The judgment of conviction refers to Texas Health and Safety Code section 481.112(b), but the proper reference for this offense is Texas Health and Safety Code section 481.112(c). We therefore modify the judgment in cause number D-1-DC-14-204545 to reflect the correct statutory reference. *See* Tex. R. App. P. 43.2(b).

Counsel's motion to withdraw is granted. The judgments of conviction are affirmed as modified.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Modified, and as Modified, Affirmed

Filed:   September 22, 2016

Do Not Publish

4