

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-21-00267-CR

Sean Michael **EARL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR4828W
Honorable Jennifer Pena, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: July 20, 2022

AFFIRMED AS MODIFIED

Appellant Sean Michael Earl pled guilty to the second degree felony offense of possession of four to two hundred grams of a penalty group one controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (d); TEX. PENAL CODE ANN. § 12.35. On June 20, 2018, the trial court ordered that adjudication of guilt be deferred, and it placed Earl on community supervision for eight years and assessed a $1,000 fine. On April 13, 2021, the State filed a motion, seeking an adjudication of guilt and the revocation of Earl's community supervision. On May 13, 2021, the trial court held a revocation hearing, at which Earl pled "true" to violating a condition

of his community supervision. After receiving this plea, the trial court found Earl had violated a condition of his community supervision and revoked Earl's community supervision. The trial court then adjudicated him guilty and orally assessed a sentence of incarceration for three years, crediting Earl for the time he had served while incarcerated on the charge or in treatment prior to revocation. In addition, the trial court's judgment imposes a $1,000 fine.

Earl appeals only the imposition of a $1,000 fine in the judgment on the ground that the trial court did not orally pronounce the fine when it adjudicated Earl's guilt and pronounced his sentence at the May 13, 2021 revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (requiring sentence to be orally pronounced in defendant's presence). The State concedes error.[1]

In *Taylor v. State*, 131 S.W.3d 497 (Tex. Crim. App. 2004), the Court of Criminal Appeals held that when a defendant is placed on deferred adjudication and later adjudicated guilty, "the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine." *Id.* at 502. Therefore, if the trial court does not orally pronounce the fine at the time guilt is adjudicated but includes the fine in its written judgment, there is a conflict between the two and the oral pronouncement controls, requiring the fine to be deleted from the judgment. *Id.*; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Here, the deferred adjudication order includes a $1,000 fine, as does the judgment signed after adjudication of guilt

---

[1] Earl's complaint about the fine is a merits issue involving reversible error that impacts the sentence. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("Fines are punitive, and they are intended to be part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Texas Penal Code, which is entitled 'Punishments.'"); *Cummins v. State*, No. 10-21-00303-CR, 2022 WL 1489511, at *9 n.10 (Tex. App.—Waco May 11, 2022, no pet. h.). Consequently, Earl is eligible for some relief, and his appeal is not considered "frivolous," so as to implicate *Anders* procedures. *See Cummins*, 2022 WL 1489511 at *9 n.10; *Bray v. State*, 179 S.W.3d 725, 729–30 (Tex. App.—Fort Worth 2005, no pet.); *see also Anders v. California*, 386 U.S. 738 (1967); *cf. Wiedenfeld v. State*, 450 S.W.3d 905, 907–08 (Tex. App.—San Antonio 2014, no pet.) (modifying judgment in *Anders* appeal to reduce fine amount to amount orally pronounced and citing *Bray* favorably for its statement that abatement for appointment of new counsel for appeal of non-frivolous issue on fine "would require the trial court to do a useless task — appoint counsel to raise an issue of law that we have previously ruled on").

and revocation of community supervision. However, because the trial court did not orally pronounce the fine at the time of adjudication, the fine must be deleted from the judgment. *See Taylor*, 131 S.W.3d at 502 (noting unique circumstances of deferred adjudication, in contrast to regular probation in which sentence is imposed and then suspended); *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) ("A trial judge has neither the statutory authority nor the discretion to orally pronounce one sentence in front of the defendant, but then enter a different written judgment outside the defendant's presence." (citing *Ex parte Madding*, 70 S.W.3d at 136)).

Therefore, we modify the judgment to delete the assessment of the $1,000 fine against Earl. As modified, we affirm the judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH