

# NUMBER 13-24-00101-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JORGE ARELLANO A/K/A IVAN ANGEL ARELLANO A/K/A IVAN JORGE ARELLANO A/K/A GEORGE JAMES ARELLANO A/K/A IVAN MEZA

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

Before Justices Longoria, Silva, and Peña
Memorandum Opinion by Justice Peña[1]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

Relator Jorge Arellano a/k/a Ivan Angel Arellano a/k/a Ivan Jorge Arellano a/k/a George James Arellano a/k/a Ivan Meza[2] filed a pro se petition for writ of mandamus asserting that the trial court[3] issued a December 9, 2008 nunc pro tunc judgment "beyond its jurisdiction" and requesting that we direct the trial court to vacate it and "to honor the mandate issued by this Court" in relator's direct appeal. *See Arellano v. State*, No. 13-07-00356-CR, 2009 WL 942896, at *1–5 (Tex. App.—Corpus Christi–Edinburg Jan. 8, 2009, pet. ref'd) (mem. op., not designated for publication). The State, acting by and through the District Attorney of Cameron County, Texas, concedes that the trial court lacked jurisdiction to issue the December 9, 2008 nunc pro tunc judgment, but contends that the trial court has now signed an appropriate nunc pro tunc judgment correcting a clerical error in the original judgment.

We dismiss the petition for writ of mandamus as moot, in part, regarding relator's contentions regarding the 2008 nunc pro tunc judgment. We deny, in part, as to all other relief sought in this original proceeding.

## I. BACKGROUND

In 2006, relator was indicted for three counts of intoxication manslaughter and one count of intoxication assault. *See* TEX. PENAL CODE ANN. §§ 49.08 (intoxication manslaughter), 49.07 (intoxication assault); *see also id.* § 3.03(a), (b) (regarding the imposition of sentences for offenses arising from the same criminal episode). A jury found

---

[2] Relator has filed this original proceeding under the name of "Jorge Arellano"; however, the judgments at issue in this original proceeding were rendered against "Jorge Arellano a/k/a Ivan Angel Arellano a/k/a Ivan Jorge Arellano a/k/a George James Arellano a/k/a Ivan Meza."

[3] This original proceeding arises from trial court cause number 06-CR-770-E in the 357th District Court of Cameron County, Texas, and the respondent is the Honorable Leonel Alejandro. *See id.* R. 52.2.

relator guilty on all counts. On May 17, 2007, at relator's sentencing hearing, the court orally stated that it "hereby sentences the [relator] to four life term sentences" which "are to run consecutively." The trial court further concluded that habitual offender enhancement paragraphs regarding two instances of aggravated assault were true. The May 18, 2007 written judgment sentences relator to four life sentences but states that: "THIS SENTENCE IS TO BE SERVED CONCURRENT WITH ANY OTHER SENTENCE UNLESS OTHERWISE SPECIFIED."

Relator filed a notice of appeal from this judgment, and on December 9, 2008, while the appeal was pending and after the clerk's record had been filed, the trial court signed a nunc pro tunc judgment. The December 9, 2008 nunc pro tunc judgment expressly provided that relator's sentences "are to run consecutively."

On January 8, 2009, we affirmed the trial court's judgment in relator's appeal. *See Arellano*, 2009 WL 942896, at *1. In his appeal, relator did not assert error with regard to his sentence, and our memorandum opinion references the original judgment and thus recites, based on the original judgment, that relator's sentences were to run concurrently. *See id.* at *1, *1–5. Our mandate issued in the appeal on July 10, 2009.

On January 17, 2024, relator filed this original proceeding. In two issues, relator asserts that: (1) the December 9, 2008 nunc pro tunc judgment was issued without jurisdiction; and (2) the trial court should honor the mandate issued in the appeal. Relator explains that he only recently discovered that the trial court had signed the December 9, 2008 nunc pro tunc judgment.

This Court requested and received a response to relator's petition for writ of mandamus from the State. *See* Tex. R. App. P. 52.4, 52.8(b). The State agrees that the trial court lacked jurisdiction to issue the December 9, 2008 nunc pro tunc judgment because of relator's then-pending appeal. However, the State further contends that "[b]ecause the court reporter's record reflects that the trial court ordered relator's four life sentences to run consecutively, it is nevertheless essential that the original judgment be corrected" by nunc pro tunc judgment. Based upon the record provided by the State, the State filed a motion for nunc pro tunc judgment on January 31, 2024, the trial court granted its motion the same day, and the trial court signed a nunc pro tunc judgment on February 1, 2024. The February 1, 2024 nunc pro tunc judgment specifies that relator's sentences "are to run consecutively." The February 1, 2024 nunc pro tunc judgment is thus consistent with the trial court's oral pronouncement regarding relator's sentence.

## II.    MANDAMUS

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request

4

and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

### III. APPLICABLE LAW

In felony cases, the "sentence shall be pronounced in the defendant's presence." TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(a); *see Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018). "When the defendant is convicted of more than one offense in the same proceeding, the court must pronounce whether the sentences will run concurrently or consecutively." *Aguilar v. State*, 202 S.W.3d 840, 842 (Tex. App.—Waco 2006, pet. ref'd). "As a general rule, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls." *Ette*, 559 S.W.3d at 516; *see Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *Wiedenfeld v. State*, 450 S.W.3d 905, 907 (Tex. App.—San Antonio 2014, no pet.) When the oral and written sentences vary, the error can be corrected by nunc pro tunc judgment. *Ex parte Thompson*, 273 S.W.3d 177, 178 n.3 (Tex. Crim. App. 2008); *Ex parte Madding*, 70 S.W.3d at 135; *State v. Posey*, 300 S.W.3d 23, 33 (Tex. App.—Texarkana 2009), *aff'd on other grounds*, 330 S.W.3d 311 (Tex. Crim. App. 2011).

A nunc pro tunc judgment allows the trial court "to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record." *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012).

"Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning." *Id.* at 898. A nunc pro tunc judgment is entered after the expiration of a trial court's plenary power rather than during that period. *See Williams v. State*, 603 S.W.3d 439, 443 (Tex. Crim. App. 2020); *State v. Garcia*, 652 S.W.3d 874, 878 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *see also* TEX. R. APP. P. 23.1 ("Unless the trial court has granted a new trial or arrested the judgment, or unless the defendant has appealed, a failure to render judgment and pronounce sentence may be corrected at any time by the court's doing so."). However, when there is a pending appeal and the record has been filed in the appeal, the trial court lacks jurisdiction to adjudicate the case or issue a nunc pro tunc judgment. *See* TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) (construing former TEX. R. APP. P. 40(b)(2)); *see also In re Nanez*, No. 13-20-00317-CR, 2020 WL 6073271, at *2 (Tex. App.—Corpus Christi–Edinburg Sept. 29, 2020, orig. proceeding) (mem. op., not designated for publication). In contrast, the trial court possesses the authority to enter a nunc pro tunc judgment prior to the time that the appellate record is filed. *Gomez v. State*, 459 S.W.3d 651, 667 (Tex. App.—Tyler 2015, pet. ref'd).

## IV.    ANALYSIS

Based on the foregoing, we agree with relator and the State that the trial court lacked jurisdiction to issue the 2008 nunc pro tunc judgment. In this case, however, the

6

trial court issued a subsequent nunc pro tunc judgment on February 1, 2024.[4] Accordingly, relator's first issue concerning the 2008 nunc pro tunc judgment has been rendered moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding); *In re Evans*, 581 S.W.3d 431, 434 (Tex. App.—Texarkana 2019, orig. proceeding). Stated otherwise, because the trial court has corrected the complained-of error by issuing a new nunc pro tunc judgment within its authority, there is no longer a justiciable controversy for this Court to consider regarding the 2008 nunc pro tunc judgment. *See Ex parte Bohannan*, 350 S.W.3d 116, 120 (Tex. Crim. App. 2011) (recognizing that mootness generally turns on whether the claim is justiciable); *see also Wheatley v. State*, No. 13-21-00408-CR, 2022 WL 868045, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 24, 2022, no pet.) (mem op., not designated for publication) (concluding that a nunc pro tunc judgment correcting a clerical error rendered the appeal moot); *Tannehill v. State*, No. 02-20-00100-CR, 2021 WL 2252791, at *1 (Tex. App.—Fort Worth June 3, 2021, no pet.) (mem. op., not designated for publication) (same); *Guajardo v. State*, Nos. 04-17-00421-CR, 04-17-00422-CR, 2018 WL 3129452, at *2 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op., not designated for publication) (concluding that a judgment nunc pro tunc rendered one issue moot in an appeal). We dismiss relator's first issue as moot.

---

[4] Based on this record, the trial court's February 1, 2024 nunc pro tunc judgment was signed without notice or hearing. A defendant is entitled to notice and hearing before an unfavorable nunc pro tunc judgment may be entered. *Guthrie-Nail v. State*, 506 S.W.3d 1, 2 (Tex. Crim. App. 2015) (citing *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976) ("Before any unfavorable nunc pro tunc orders are entered the person convicted should be given an opportunity to be present for the hearing, represented by counsel, in order to accord him due process of law.")). Notice and hearing are unnecessary, however, when the record indisputably shows that the nunc pro tunc judgment was properly issued because the law does not require a court to perform a useless task. *Homan v. Hughes*, 708 S.W.2d 449, 455 (Tex. Crim. App. 1986); *Gomez v. State*, 459 S.W.3d 651, 667 (Tex. App.—Tyler 2015, pet. ref'd).

We turn our attention to relator's second issue in which he asserts that we should compel the trial court to honor the mandate issued by this Court in his appeal. Construing this issue liberally, it appears that relator seeks to obtain concurrent rather than consecutive sentences. *See* TEX. R. APP. P. 38.1(f), 38.9. The State does not address this issue in its response to the petition for writ of mandamus.

At relator's May 17, 2007 punishment hearing, the trial court orally ordered relator's sentences "to run consecutively." The written May 18, 2007 judgment nevertheless ordered relator's sentences "to be served concurrent with any other sentence unless otherwise specified." The new February 1, 2024 nunc pro tunc judgment orders relator's sentences to run consecutively. Because the oral pronouncement of sentence and the trial court's original written judgment vary, the oral pronouncement that relator's sentences are to run consecutively controls. *See Ette*, 559 S.W.3d at 516; *Ex parte Madding*, 70 S.W.3d at 135. Accordingly, we reject relator's contentions otherwise and we overrule his second issue.

### V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the State's response, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. We dismiss the petition for writ of mandamus as moot regarding relator's first issue and we deny all other relief sought.

8

L. ARON PEÑA JR.
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
9th day of February, 2024.