**Opinion filed May 9, 2024**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-23-00020-CR

_____

## EDWARD TOBY GARZA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 8157**

## M E M O R A N D U M   O P I N I O N

Appellant, Edward Toby Garza, entered an open plea of guilty to the first-degree felony offense of continuous sexual abuse of a young child.  *See* TEX. PENAL CODE ANN. § 21.02(b), (h) (West Supp. 2023).  Appellant's guilty plea was accepted by the trial court.  Following a punishment hearing, the trial court sentenced Appellant to punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of forty-eight years with a fine of $600.  We modify and affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief and of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a pro se response to counsel's *Anders* brief. In his response, Appellant acknowledges the impact of his actions but raises no legal issues for our review.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1] We conclude, however, that the written judgment contains a nonreversible error because there is a variance between the oral pronouncement of Appellant's sentence and the trial court's written judgment. In open court, the trial court imposed a $500 fine. Contrary to the oral pronouncement, the judgment reflects a $600 fine, which appears to include the $500 fine pronounced in open court and the $100 fine required by Article 102.0185 of the Texas Code of Criminal

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

Procedure. TEX. CODE CRIM. PROC. ANN. art. 102.0185 (West Supp. 2023). In addition, the trial court checked the box for "Child Abuse Prevention Fine" and added $100 to the same line in the section of the judgment entitled, "Fines Imposed Include (check each fine and enter each amount as pronounced by the court)."

When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *see Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *Wiedenfeld v. State*, 450 S.W.3d 905, 907 (Tex. App.—San Antonio 2014, no pet.). Because the trial court actually assessed a $500 fine, rather than a $600 fine, when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment to show a fine of $500. *See* TEX. R. APP. P. 43.2(b); *Wiedenfeld*, 450 S.W.3d at 907–08.

We grant counsel's motion to withdraw. We modify the trial court's judgment to reflect a fine of $500, and we delete the "X" and "$100" in the line for "Child Abuse Prevention Fine." As modified, we affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


May 9, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.