

# NUMBER 13-24-00131-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**JORGE ARELLANO**
**A/K/A IVAN ANGEL ARELLANO**
**A/K/A IVAN JORGE ARELLANO**
**A/K/A GEORGE JAMES ARELLANO**
**A/K/A IVAN MEZA,**                                          **Appellant,**

v.

**THE STATE OF TEXAS,**                                          **Appellee.**

## ON APPEAL FROM THE 357TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron**
**Memorandum Opinion by Justice Cron**

Appellant Jorge Arellano a/k/a Ivan Angel Arellano a/k/a Ivan Jorge Arellano a/k/a

George James Arellano a/k/a Ivan Meza[1] seeks relief from a 2024 nunc pro tunc judgment that clarifies that his four life sentences "are to run consecutively" rather than concurrently, as stated in the original judgment.[2] We affirm.

Appellant first contends that the trial court "lacked authority to sign" the nunc pro tunc judgment because there was no clerical error in the original judgment. Alternatively, he argues that any variance between the trial court's oral pronouncement and the original judgment created a fact issue about the trial court's intent because "[t]he trial judge was free to change his mind until the moment he sign[ed] the actual judgment," and he "may

---

[1] Appellant filed this appeal under the name of "Jorge Arellano"; however, the judgments at issue in this appeal were rendered against "Jorge Arellano a/k/a Ivan Angel Arellano a/k/a Ivan Jorge Arellano a/k/a George James Arellano a/k/a Ivan Meza."

[2] Appellant filed a pro se notice of appeal. Acting on appellant's motion, we abated the appeal and remanded it to the trial court to determine, among other things, whether appellant was entitled to appointment of appellate counsel based on his claim of indigency. During the ensuing hearing, however, appellant expressed his desire to represent himself on appeal. After advising appellant of the perils of self-representation, the trial court allowed appellant to represent himself on appeal but appointed "standby" appellate counsel to assist appellant in the prosecution of this appeal. Although no party has challenged this arrangement, we note that there is no federal constitutional right to self-representation in criminal appeals. *Martinez v. Ct. of Appeal of Ca.*, 528 U.S. 152, 163 (2000). The Supreme Court observed that its holding does not preclude states from recognizing a right to appellate self-representation under their own constitutions. *Id.* The Court held that states are clearly within their discretion to conclude that the government's interests in the fair and efficient administration of justice outweigh the invasion of the appellant's interest in self-representation. *Id.*

There is a split amongst our sister courts as to whether state law provides a defendant with the right to self-representation in a criminal appeal. *Compare Cromier v. State*, 85 S.W.3d 496, 497 (Tex. App.—Houston [1st Dist.] 2022 (pet. ref'd) ("We conclude that there is no such right."), *with Fewins v. State*, 170 S.W.3d 293, 295 (Tex. App.—Waco 2005, no pet.) ("We do not agree with these courts because article 1.051 of the Code of Criminal Procedure plainly provides for a right of self-representation."). We have typically reserved this question for ourselves, "considering the best interests of the appellant, the State, and the administration of justice" on a case-by-case basis. *Crawford v. State*, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi–Edinburg 2004, order) (per curiam), *disp. on merits*, No. 13-03-00293-CR, 2004 WL 1834268, *1 (Tex. App.—Corpus Christi–Edinburg Aug. 12, 2004, no pet.) (mem. op., not designated for publication).

In any event, we do not allow hybrid representation. *Rivera v. State*, 130 S.W.3d 454, 459 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) ("It is well settled that a criminal defendant has no right to hybrid representation." (citing *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001))). As such, "standby" counsel, who has appeared in this appeal and filed a brief on appellant's behalf, is, for all purposes, appointed appellate counsel, and we will not entertain future pro se filings in this appeal. *See id.*

have decided to run the life sentences concurrently." Next, he complains that his due process rights were violated because the trial court signed the nunc pro tunc judgment without notice or an opportunity to be heard. Finally, appellant claims that the trial court should honor the mandate we issued in his original appeal, which referred to his concurrent sentences under the original judgment. *See Arellano v. State*, No. 13-07-00356-CR, 2009 WL 942896, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 8, 2009, pet. ref'd) (mem. op., not designated for publication).

Appellant fails to acknowledge, however, that this Court previously determined that the 2024 nunc pro tunc judgment was proper. *In re Arellano*, No. 13-24-00101-CR, 2024 WL 515459, at *4 (Tex. App.—Corpus Christi–Edinburg 2024, orig. proceeding). In that prior original proceeding, we explained that the trial court acted "within its authority" to correct a variance between the oral pronouncement of sentence and the original judgment. *Id.* at *3. We also noted that although appellant did not receive notice and a hearing before the trial court signed the 2024 nunc pro tunc judgment, this violation of his due process rights was ultimately harmless because the record conclusively established the propriety of the 2024 nunc pro tunc judgment, and "the law does not require a court to perform a useless task." *Id.* at *3 n.4 (first citing *Homan v. Hughes*, 708 S.W.2d 449, 455 (Tex. Crim. App. 1986); and then citing *Gomez v. State*, 459 S.W.3d 651, 667 (Tex. App.—Tyler 2015, pet. ref'd)).

The law of the case doctrine generally provides that "an appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue." *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014). Put

3

differently, "when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution." *Id.* The purpose of the doctrine is "to promote judicial consistency and efficiency that eliminates the need for appellate courts to prepare opinions discussing previously resolved matters." *Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999).

An appellate court may, in its discretion, reconsider a point of law decided in a previous appeal if the court determines that exceptional circumstances exist. *Id.* In a case like this one, where the facts and issues are identical in a subsequent appeal, the most common exceptional circumstance is a concern that the earlier disposition was clearly erroneous. *Id.* Appellant has not shown any reason for departing from our prior resolution of these issues.

The law in this area is well-established. In felony cases, the "sentence shall be pronounced in the defendant's presence." TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(a); *see Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018). "When the defendant is convicted of more than one offense in the same proceeding, the court must pronounce whether the sentences will run concurrently or consecutively." *Aguilar v. State*, 202 S.W.3d 840, 842 (Tex. App.—Waco 2006, pet. ref'd). Contrary to appellant's suggestion, "[a] trial court does not have the statutory authority or discretion to orally pronounce one sentence in front of the defendant, but enter a different sentence in his written judgment, outside the defendant's presence." *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). Other than an exception that does not apply here, "when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement

4

controls." *See Ette*, 559 S.W.3d at 516; *Ex parte Madding*, 70 S.W.3d at 135; *Wiedenfeld v. State*, 450 S.W.3d 905, 907 (Tex. App.—San Antonio 2014, no pet.). When the oral and written sentences vary, the error can, of course, be corrected by nunc pro tunc judgment. *Ex parte Thompson*, 273 S.W.3d 177, 178 n.3 (Tex. Crim. App. 2008); *Ex parte Madding*, 70 S.W.3d at 135.

Here, the application of law to facts is straightforward. Appellant was indicted for three counts of intoxication manslaughter and one count of intoxication assault in 2006. *See* TEX. PENAL CODE ANN. §§ 49.08 (intoxication manslaughter), 49.07 (intoxication assault); *see also id.* § 3.03(a), (b) (regarding the imposition of sentences for offenses arising from the same criminal episode). A jury found appellant guilty on all counts, and appellant elected to be punished by the trial court. On May 17, 2007, at appellant's sentencing hearing, the trial court orally stated that it "hereby sentences the [appellant] to four life term sentences" that "are to run consecutively."[3] The original judgment, signed on May 18, 2007, sentenced appellant to four life sentences but stated that: "THIS SENTENCE IS TO BE SERVED CONCURRENT WITH ANY OTHER SENTENCE UNLESS OTHERWISE SPECIFIED." On February 1, 2024, the trial court signed a nunc pro tunc judgment clarifying that appellant's sentences "are to run consecutively."[4]

---

[3] The offenses were enhanced to first-degree felonies for purposes of punishment because the trial court concluded that habitual offender enhancement paragraphs regarding two instances of aggravated assault were true. *See* TEX. PENAL CODE ANN. § 12.42(d).

[4] The trial court also signed a nunc pro tunc judgment in 2008 specifying that appellant's sentences "are to run consecutively." In the prior original proceeding, the State conceded that the 2008 nunc pro tunc judgment was void because it was signed after the appellate record had been filed in appellant's original direct appeal. *See In re Arellano*, No. 13-24-00101-CR, 2024 WL 515459, at *2 (Tex. App.—Corpus Christi–Edinburg 2024, orig. proceeding); TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."). This realization prompted the State to seek the 2024 nunc pro tunc judgment, which was no longer prohibited by the operation of Rule

Therefore, as we previously concluded, the oral pronouncement of appellant's sentence controls over the variance in the original judgment, and the 2024 nunc pro tunc judgment accurately reflects the cumulation order that was pronounced in appellant's presence at his sentencing hearing. *In re Arellano*, 2024 WL 515459, at *4 (first citing *Ette*, 559 S.W.3d at 516; and then citing *Ex parte Madding*, 70 S.W.3d at 135). Appellant's issues are without merit and are thus overruled. We reaffirm the 2024 nunc pro tunc judgment.[5]

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
29th day of May, 2025.

---

25.2(g). *See* TEX. R. APP. P. 25.2(g).

[5] All pending motions are dismissed as moot.